UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE YVETTE C., an Individual,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>Defendant. | Case No.: 5:20-00060 ADS<br><br><br>MEMORANDUM OPINION AND ORDER |

## I.    **INTRODUCTION**

Plaintiff Darlene Yvette C.[1] ("Plaintiff") challenges Defendant Andrew M. Saul, Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial of her application for a period of disability and disability insurance benefits ("DIB") and social security income (SSI).  Plaintiff contends that the Administrative Law Judge

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

("ALJ") improperly considered the opinions of the examining and reviewing physicians. For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.

## II.   PROCEEDINGS BELOW

### A. Procedural History

Plaintiff protectively filed an application for DIB and SSI on June 16, 2014, alleging a disability onset date of October 10, 2013.  (Administrative Record "AR" 337-38).  Plaintiff's claims were denied initially on October 15, 2014 (AR 215-18) and on reconsideration on January 5, 2015 (AR 224-28).  A hearing was held before ALJ Marti Kirby on November 22, 2016.  (AR 116-36).  ALJ Kirby published an unfavorable decision on April 26, 2017.  (AR 191-208).

Plaintiff requested review of ALJ's Kirby decision and on June 28, 2018, the Appeals Council granted the request and remanded the case to fully develop the record. (AR 209-14).  A second hearing was conducted by ALJ Paula M. Martin on January 9, 2019.  (AR 84-115).  Plaintiff, represented by counsel, appeared and testified at the hearing.  Also appearing and testifying at the hearing was vocational expert Susan L. Allison.  (Id.).

On January 31, 2019, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act.[2]  (AR 22-36).  The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for

---

[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A).

1    review on November 18, 2019.  (AR 1-7).  Plaintiff then filed this action in District Court

2    on January 10, 2020, challenging the ALJ's decision.  [Docket "Dkt." No. 1].

3          On June 10, 2020, Defendant filed an Answer, as well as a copy of the Certified

4    Administrative Record.  [Dkt. Nos. 16, 17].  The parties filed a Joint Submission on

5    August 20, 2020.  [Dkt. No. 22].  The case is ready for decision.[3]

6    **B.  Summary of ALJ Decision After Hearing**

7          In the decision (AR 22-36), the ALJ followed the required five-step sequential

8    evaluation process to assess whether Plaintiff was disabled under the Social Security

9    Act.[4]  20 C.F.R. § 404.1520(a) and § 416.920(a).  At **step one**, the ALJ found that

10   Plaintiff had not been engaged in substantial gainful activity since October 10, 2013, the

11   alleged onset date.  (AR 25).  At **step two**, the ALJ found that Plaintiff had the following

12   severe impairments: (a) degenerative disc disease of the lumbar spine and cervical

13   spine; (b) obesity; (c) sleep disorder; (d) anxiety; (e) depression; and (f) obsessive

14   compulsive disorder (OCD).  (AR 25).  At **step three**, the ALJ found that Plaintiff "does

15   not have an impairment or combination of impairments that meets or medically equals

16   the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1

17

18   [3] The parties filed consents to proceed before the undersigned United States Magistrate
     Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment.  [Dkt. Nos.
19   11, 12].
     [4] The ALJ follows a five-step sequential evaluation process to assess whether a claimant
20   is disabled: Step one: Is the claimant engaging in substantial gainful activity?  If so, the
     claimant is found not disabled.  If not, proceed to step two.  Step two: Does the claimant
21   have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not
     disabled is appropriate.  Step three: Does the claimant's impairment or combination of
22   impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?
     If so, the claimant is automatically determined disabled.  If not, proceed to step four.
23   Step four: Is the claimant capable of performing his past work?  If so, the claimant is not
     disabled.  If not, proceed to step five.  Step five: Does the claimant have the residual
24   functional capacity to perform any other work?  If so, the claimant is not disabled.  If
     not, the claimant is disabled.  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

(20 CFR 404.1520(d), 404.1525 and 404.1526, 416.920(d), 416.925 and 416.926)." (AR 26).

The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC")[5] to perform no greater than light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)[6,] restricted by the following limitations:

> [Plaintiff] can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; can occasionally climb ladders, ropes or scaffolds; can perform simple routine tasks and simple work-related decision with few changes in the workplace; can have occasional contact with supervisors and co-workers; and no direct contact with the public.

(AR 28).

At **step four**, the ALJ found that Plaintiff is unable to perform her past relevant work as a physical therapy assistant, home health attendant, certified nurse assistant or housekeeper. (AR 33-34). At **step five**, considering Plaintiff's age, education, work experience and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform." (AR 34). The ALJ accepted the vocational expert's testimony that Plaintiff would be able to perform the representative occupations of: assembler (DOT No. 712.687-010); marker (DOT No.

---

[5] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §416.945(a)(1).

[6] "Light work" is defined as

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 416.967(b); see also Rendon G. v. Berryhill, 2019 WL 2006688, at *3 n.6 (C.D. Cal. May 7, 2019).

209.587-034); and bagger (DOT No. 920.687-018).  (AR 35).  Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from October 10, 2013, through the date of her decision, January 31, 2019. (AR 36).

**III.   ANALYSIS**

**A.  Issue on Appeal**

Plaintiff raises one issue for review: whether the ALJ properly considered the opinions of the examining and reviewing physicians.  [Dkt. No. 22 (Joint Submission), 5].

**B.  Standard of Review**

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g).  The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence.  Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).  A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied.  Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001).  An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence.  Rather, a court must consider the record as a whole,

1  weighing both evidence that supports and evidence that detracts from the Secretary's

2  conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and

3  internal quotation marks omitted).  "'Where evidence is susceptible to more than one

4  rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc.

5  Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679

6  (9th Cir. 2005)); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If

7  the evidence can support either affirming or reversing the ALJ's conclusion, we may not

8  substitute our judgment for that of the ALJ.").  However, the Court may review only "the

9  reasons provided by the ALJ in the disability determination and may not affirm the ALJ

10  on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir.

11  2007) (citation omitted).

12       Lastly, even if an ALJ errs, the decision will be affirmed where such error is

13  harmless, that is, if it is "inconsequential to the ultimate nondisability determination,"

14  or if "the agency's path may reasonably be discerned, even if the agency explains its

15  decision with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th

16  Cir. 2015) (citation omitted); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

17       ### C. **The ALJ Adequately Assessed the Medical Opinions**

18       Plaintiff contends that the ALJ failed to properly consider the opinions of the

19  examining and reviewing physicians, in assessing her RFC.  First, Plaintiff argues that

20  the ALJ improperly rejected the opinion of examining physician, Kara Cross, Ph.D.

21  Second, Plaintiff argues that the ALJ failed to explain why she rejected portions of the

22  opinion of reviewing physician, Norman Zukowksy, Ph.D.  Defendant asserts that the

23  ALJ appropriately weighed the medical opinions and stated sufficient reasons for doing

24  so.

1          1.     Legal Standards At Issue

2          An individual's RFC represents their ability to do physical and mental work

3    activities on a sustained basis despite limitations from the identified impairments.  20

4    C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  In determining a claimant's RFC, an ALJ must

5    consider all relevant evidence.  Robbins, 466 F.3d at 883; Laborin v. Berryhill, 867 F.3d

6    1151, 1153 (9th Cir. 2017) (same).  If the ALJ rejects "significant probative evidence," the

7    ALJ must explain why.  Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984);

8    Willyard v. Colvin, 633 Fed. Appx 369, 371 (9th Cir. 2015).

9          The ALJ must also consider all medical opinion evidence.  20 C.F.R. §§

10   404.1527(b), 416.927(b).  An ALJ may not reject the opinion of a treating or examining

11   physician that is uncontradicted without providing "clear and convincing reasons that

12   are supported by substantial evidence."  Lester, 81 F.3d 830-31.  When a treating or

13   examining physician's opinion is contradicted by another medical evaluation, the ALJ

14   must provide "specific and legitimate reasons supported by substantial evidence" for

15   rejecting that opinion.  Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017).

16         An ALJ may reject any physician's opinion that is "brief, conclusory, and

17   unsupported by the record as a whole."  Burrell v. Colvin, 775 F.3d 1133, 1140 (9th Cir.

18   2014); see also Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004) ("an

19   ALJ may discredit treating physicians' opinions that are . . . unsupported by the record

20   as a whole . . . or by objective medical findings"); Thomas v. Barnhart, 278 F.3d 947, 957

21   (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a

22   treating physician, if that opinion is . . . inadequately supported by clinical findings.").

23   Inconsistency with the medical record, including a doctor's own treatment notes, is a

24

1    specific and legitimate reason to discount a treating doctor's opinion.  Tommasetti v.

2    Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008).

3                        2.    The ALJ Properly Assessed the Opinion of Dr. Cross

4           Plaintiff contends that the ALJ improperly rejected the medical opinion of Kara

5    Cross, Ph.D.  In September 2014, Plaintiff underwent a comprehensive psychological

6    evaluation by Dr. Cross.  (AR 526-33).  Plaintiff states that Dr. Cross prognosticated

7    Cortez's condition as fair from a psychiatric standpoint.  Plaintiff points out that Dr.

8    Cross found that she is moderately limited in her ability to understand, remember and

9    carry out simple one or two step job instructions over an eight-hour day, 40-hour

10   workweek without emotionally decompensating.  Plaintiff emphasized that: "Dr. Cross

11   explained what she meant by this moderate limitation, 'Although she can understand

12   and complete simple tasks, *she cannot carry out tasks* for an 8 hour day, 40 hour

13   workweek without decompensating." [Dkt. No. 22, Joint Submission, at 7-8 (emphasis

14   added in original)].  It is the ALJ's purported failure to include this limitation in her

15   assessed RFC of Plaintiff that Plaintiff argues to be of error.

16          The ALJ gave Dr. Cross's opinion partial weight.  The ALJ included some of Dr.

17   Cross's assessed limitations of Plaintiff in the finding of a light RFC with significant

18   restrictions of simple tasks and interactions with others where the ALJ found other

19   supporting evidence in the record.  The ALJ did not do so, however, where the record

20   did not support Dr. Cross's opinion.  See Vincent v. Heckler, 739 F.2d 1393, 1394-95

21   (9th Cir. 1984) (the ALJ must explain why significant or probative evidence has been

22   rejected).  Thus, the ALJ did not reject the opinion of Dr. Cross.  However, the role of

23   resolving inconsistencies in the medical records in assessing the RFC is the domain of

24   the ALJ.  Ryan v. Comm'r Soc. Sec. Admin., 528 F.3d 1194, 1198 (9th Cir. 2008).  Here,

the ALJ explained what evidence supported giving Dr. Cross's opinion only partial weight.  (AR 27, 31-33).  The ALJ stated specific and legitimate reasons supported by substantial evidence for giving Dr. Cross's opinion partial weight.

Defendant is correct in noting: "Plaintiff merely disagrees with how the ALJ evaluated Dr. Cross's opinion and translated it into the concrete work restrictions found in Plaintiff's RFC."  This is exactly within the purview of the ALJ, however.  See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174-76 (9th Cir. 2008) (noting that is it up to the ALJ to translate a claimant's impairments into work related functions and determine Plaintiff's RFC).  Although Plaintiff offers alternative interpretations of the medical record, the Court is bound by the rationale set forth by the ALJ in the written decision.  Ryan, 528 F.3d at 1198; see Robbins, 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."); Tommasetti, 533 F.3d at 1041-42 ("The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence.").

3.     The ALJ Properly Assessed the Opinion of Dr. Zukowsky

Plaintiff's file was reviewed and opined on by Norman Zukowsky, Ph.D.  (AR 143-46).  The ALJ afforded Dr. Zukowsky significant weight.  Plaintiff contends, however, that the ALJ mischaracterized Dr. Zukowsky as restricting interaction with both supervisors and coworkers to a casual and brief basis.  According to Plaintiff, Dr. Zukowsky only restricted Plaintiff's interactions with coworkers to a casual or brief basis only.  "The ALJ failed to acknowledge that Dr. Zukowsky limited Cortez to accepting non-confrontational supervision." [Dkt. 22, Joint Submission, 13].  Thus, Plaintiff argues that while the ALJ purported to give great weight to Dr. Zukowsky's

1    opinion the ALJ failed to explain why she rejected his opinion that Plaintiff can only

2    accept non-confrontational supervision.

3        The ALJ's interpretation of Dr. Zukowsky's report and opinion does not equate to

4    improperly rejecting that opinion, as argued by Plaintiff.  Plaintiff argues Dr. Zukowsky

5    assessed Plaintiff as moderately limited in her ability to accept instructions and respond

6    appropriately to criticism from supervisors.  [Dkt. No. 22, Joint Submission, p. 12].

7    Plaintiff argues that Dr. Zukowsky further explained that Plaintiff could accept non-

8    confrontational supervision in a narrative section.  [Id.].  Defendant notes, however,

9    that neither Dr. Zukowsky, nor anyone else, stated Plaintiff could not respond

10   appropriately to a normal supervisory situation, or that she could only accept non-

11   confrontational supervision.  [Id., at 22].  The Court agrees with Defendant.  When read

12   together, it is not unreasonable for the ALJ to interpret Dr. Zukowsky's opinion to mean

13   Plaintiff could have "occasional contact" with a supervisor.  There is no obvious

14   contradiction such that this Court can determine that the ALJ rejected or ignored this

15   portion of Dr. Zukowsky's opinion.  The ALJ, as is her duty, weighed the medical

16   opinion of Dr. Zukowsky and incorporated it into Plaintiff's assessed RFC.

17       The Court therefore rejects Plaintiff's argument that the ALJ improperly assessed

18   the medical evidence of record.  Plaintiff would simply prefer the ALJ to have a different

19   interpretation of the medical evidence than that assessed.  However, it is the role of the

20   ALJ to resolve any conflicts or ambiguities in the medical record.  See Tommasetti, 533

21   F.3d at 1041-42 ("The ALJ is the final arbiter with respect to resolving ambiguities in the

22   medical evidence."): Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (holding that

23   it is the ALJ's job to resolve any conflicts).  See Ryan v. Comm'r of Soc. Sec., 528 F.3d

24   1194, 1198 (9th Cir. 2008) (""Where evidence is susceptible to more than one rational

-10-

interpretation,' the ALJ's decision should be upheld.") (citation omitted); <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). Indeed, an ALJ is not obligated to discuss "every piece of evidence" when interpreting the evidence and developing the record. <u>See</u> <u>Howard ex rel. Wolff v. Barnhart</u>, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation omitted). Similarly, an ALJ is also not obligated to discuss every word of a doctor's opinion or include limitations not actually assessed by the doctor. <u>See</u> <u>Fox v. Berryhill</u>, 2017 WL 3197215, *5 (C.D. Cal. July 27, 2017); <u>Howard</u>, 341 F.3d at 1012. The Court finds no error by the ALJ in this regard.

## IV.   **CONCLUSION**

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice. Judgment shall be entered accordingly.

DATE: March 31, 2021

                                         /s/ Autumn D. Spaeth
                            THE HONORABLE AUTUMN D. SPAETH
                            United States Magistrate Judge